FILED
United States Court of Appeals
Tenth Circuit

February 1, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANDY B. GOMEZ; JESSE GOMEZ;
TOMMY W. GOMEZ,

        Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

        Defendant-Appellee.

No. 11-2146
(D.C. No. 6:09-CV-01022-MV-WDS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.

Andy B. Gomez, Jesse Gomez, and Tommy W. Gomez applied for benefits

under Part B of the Energy Employees Occupational Illness Compensation

Program Act of 2000 (EEOICPA or Act), 42 U.S.C. §§ 7384-7385s-15, as the

grandchildren of a covered employee. The Department of Labor (DOL) denied

Appellants' claims on the basis that the covered employee had a surviving child

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

who was entitled to 100% of the benefits. The district court denied their petition for review of the DOL's decision, and Appellants appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

## A. Statutory Scheme

The EEOICPA establishes a compensation program that provides benefits to certain employees who suffer from illnesses related to their exposure to beryllium and radiation in connection with the performance of their work for the Department of Energy (DOE). *See* 42 U.S.C. §§ 7384(a)(8), 7384d(b). Covered employees under Part B of the Act include those with specified types of cancer who contracted their illnesses after beginning employment at a DOE facility. *See* 42 U.S.C. § 7384l(9) & (17). A covered employee receives compensation in the amount of a $150,000 lump-sum payment, plus medical benefits. 42 U.S.C. § 7384s(a)-(b). If the covered employee is deceased at the time of payment of compensation, payment is made instead to his survivor. *See id.* § 7384s(a)(1). According to the order of precedence set forth in § 7384s(e), if a deceased employee has no surviving spouse, the payment is made in equal shares to his living children, including any adopted children. *Id.* §§ 7384s(e)(1)(B) & 7384s(e)(3)(B). If the deceased employee's spouse, children, and parents are all also deceased, the payment is made in equal shares to his living grandchildren. *Id.* § 7384s(e)(1)(D).

An employee, or the employee's survivor, files a claim for EEOICPA benefits with the Office of Workers' Compensation Programs (OWCP) of the DOL. 20 C.F.R. §§ 30.100(a) & 30.101(a). The claimant must submit medical evidence of the employee's covered illness. *Id.* §§ 30.100(c)(2) & 30.101(d)(2). OWCP issues a recommended decision on a claim and forwards it to the Final Adjudication Branch (FAB). 20 C.F.R. § 30.300. A claimant may object to the recommended decision and may request a hearing before the FAB. *Id.* After considering any objections, the FAB issues the agency's final decision, *see* 20 C.F.R. § 30.316, which is then subject to judicial review, *see* 20 C.F.R. § 30.319(d).

## B. DOL Proceedings

Marcos Gomez worked at the Los Alamos National Laboratory, a DOE facility, in 1945 and again from January 1, 1951, through September 30, 1957. He died in 2002. In 2004, Elaine L. Martinez and Andy B. Gomez filed separate claims for benefits under EEOICPA Part B, as survivors of Marcos Gomez. In support of their claims, they submitted evidence that Marcos Gomez had contracted colon cancer as a result of his work at the DOE facility. Ms. Martinez and Andy Gomez also submitted evidence of their familial relationship to Marcos Gomez. Andy Gomez offered evidence that he is a grandchild of Marcos Gomez. Ms. Martinez submitted the following evidence that she is Marcos Gomez's adopted daughter: (1) a portion of a March 22, 1955, Agreement of Adoption of

Child in which Marcos Gomez and his wife agreed to adopt her, Admin. R., Vol. V at 1195; (2) her delayed birth registration certificate showing she was the daughter of Marcos Gomez, *id.* at 1193; (3) her marriage certificate indicating her maiden name was "Gomez," *id.* at 1192; and (4) a letter from the New Mexico Department of Public Welfare to Marcos Gomez and his wife regarding "New birth certificate in adoptive name for: Loretta Elaine Gomez," *id.* at 1194.[1] The letter stated as follows:

> We have received the Orders of Adoption indicating that you have completed legal adoption of [Loretta Elaine Gomez].
>
> We have sent to the State Department of Public Health a certified copy of the Order of Adoption together with the information necessary for that Department to file a new birth certificate in the adoptive name for this child. Providing the original birth certificate was on file the new certificate should now be ready, made out as if you, the adoptive parents, are the real parents of this child. The original birth certificate showing who the real parents are, together with the Order of Adoption, will have been sealed in a separate file which may be opened only upon court order.

Admin. R., Vol. V at 1194. While the claims of Andy Gomez and Ms. Martinez were pending, Jesse Gomez and Tommy W. Gomez each filed a claim as a surviving grandchild of Marcos Gomez.

---

[1] Although the documents that Ms. Martinez submitted variously referred to her as "Elaine Loretta," Admin. R. at 1195, "Loretta Elaine," *id.* at 1193-94, and "Elaine L.," *id.* at 1192, the parties do not dispute that they all pertain to Ms. Martinez.

After an oral hearing, the FAB issued a final decision on May 28, 2008, finding that based on the evidence in the record Elaine L. Martinez was the surviving child of Marcos Gomez.[2] The FAB therefore accepted Ms. Martinez's EEOICPA Part B claim and denied Andy Gomez's claim pursuant to § 7384s(e)(1)(B). On May 20, 2009, the FAB issued a final decision denying the survivor claims of Tommy Gomez and Jesse Gomez on the same basis that it denied Andy Gomez's claim. On June 26, 2009, the FAB denied Tommy Gomez's request for reconsideration.

## C. District Court Proceedings

Appellants filed a pro se complaint in district court on October 27, 2009. The district court construed the complaint as a petition for review of the DOL's decisions denying Appellants' survivor claims under EEOICPA Part B, pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. The district court denied the petition and entered judgment dismissing their action with prejudice. Appellants filed a timely appeal.

---

[2] The FAB incorrectly stated that Ms. Martinez had submitted an adoption decree showing that she had been adopted by Marcos Gomez. *See* Admin. R., Vol. II at 220. But examination of the administrative record makes clear that the agency was aware that Ms. Martinez submitted evidence of the adoption order, rather than a copy of the order itself. *See id.* at 376 (recommended decision listing evidence Ms. Martinez submitted); *id.* at 351 (same); *id.* at 302 (testimony at hearing on objections to recommended decision regarding available documentation of Ms. Martinez's adoption by Marcos Gomez).

## II. Discussion

When reviewing agency action, we apply the same standard of review to the administrative record as the district court. *Lee v. U.S. Air Force*, 354 F.3d 1229, 1236 (10th Cir. 2004). Under the APA, this court decides all questions of law and interprets relevant statutory provisions. *See* 5 U.S.C. § 706. We are empowered to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(A); *see also Hayward v. U.S. Dep't of Labor*, 536 F.3d 376, 379 (5th Cir. 2008) (reviewing agency decision denying claim under Part B of EEOICPA under arbitrary and capricious standard of § 706(2)(A) "[b]ecause Part B of the Act does not contain a standard of review and does not require that a formal hearing be held").

> The duty of a court reviewing agency action under the "arbitrary or capricious" standard is to ascertain whether the agency examined the relevant data and articulated a rational connection between the facts found and the decision made. In reviewing the agency's explanation, the reviewing court must determine whether the agency considered all relevant factors and whether there has been a clear error of judgment.

*Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1574 (10th Cir. 1994) (citation and footnote omitted). "In addition to requiring a reasoned basis for agency action, the 'arbitrary or capricious' standard requires an agency's action to be supported by the facts in the record." *Id.* at 1575. Thus, an agency's action

"will be set aside as arbitrary if it is unsupported by substantial evidence." *Id*. (quotation omitted).

Because Appellants appear pro se, we construe their appeal brief liberally. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). Appellants appear to contend that the DOL's decision should be set aside because the agency relied on insufficient evidence to conclude that Ms. Martinez is a surviving child of Marcos Gomez. They emphasize that the record does not contain a copy of the Order of Adoption, but they have not challenged the authenticity of the other evidence of the adoption that Ms. Martinez submitted to the DOL. That evidence included a letter from the New Mexico Department of Public Welfare to Marcos Gomez acknowledging receipt of the Order of Adoption and indicating that the order would be sealed in a file and subject to disclosure only upon court order. This, along with the other documentation Ms. Martinez submitted, constitutes substantial evidence supporting her claim that she is the adopted child of Marcos Gomez. We conclude that the DOL did not abuse its discretion in making that determination.[3] Therefore, Ms. Martinez is statutorily entitled to the entire

---

[3] Appellants contend that the district court erred in failing to grant their request for discovery under the Federal Rules of Civil Procedure. They also ask this court to order Ms. Martinez to produce the Order of Adoption. Appellants misconstrue the scope of judicial review of a final agency decision, under which the district court and this court consider only the evidence that was in the record at the time the agency reached its decision. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The focal point for judicial review should

(continued...)

payment under Part B of the EEOICPA.  *See* § 7384s(e)(1)(B) and (3)(B).

The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[3](...continued)
be the administrative record already in existence, not some new record made initially in the reviewing court.  The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court." (citations, quotation, and brackets omitted)).