NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0346n.06

No. 15-6189

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jun 22, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LYNDA L. FREEMAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| UNITED STATES DEPARTMENT OF LABOR, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: KEITH, CLAY, and WHITE, Circuit Judges.

**DAMON J. KEITH, Circuit Judge.** Appellant Lynda L. Freeman ("Freeman") appeals the district court's affirmance of a United States Department of Labor ("DOL") decision. The DOL denied Freeman's claim for compensation under the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA" or "the Act"). Freeman sought review of this decision, asserting that the DOL's denial of her claim for survivor benefits under the Act was arbitrary and capricious. She also sought review of the DOL's denial of her motion to reopen. The district court held that the DOL's denial of Freeman's claim was not arbitrary or capricious. The court also concluded that the DOL's denial of her motion to reopen is not subject to judicial review. For the following reasons, we **AFFIRM.**

## I.    BACKGROUND

### A.  Statutory and Regulatory Background

The EEOICPA established a federal compensation program.  *See* 42 U.S.C. § 7384.  The program provides benefits to individuals who have illnesses that were caused by exposure to radiation or beryllium in the course of their work for the Department of Energy ("DOE").  *Id.* Under Part B of the Act, covered employees (or their eligible survivors) can receive a lump-sum payment of $150,000 (and coverage of medical expenses) for covered beryllium illnesses, specified cancers, and other specified illnesses.  *See* 42 U.S.C. §§ 7384n-s.  Chronic Beryllium Disease ("CBD") is one of the covered beryllium illnesses.  *See* 42 U.S.C. § 7384*l*.

A claimant seeking compensation under Part B based on CBD must first provide the Department of Labor ("DOL")[1] with proof of an employee's qualification as a "covered beryllium employee."  *See id.* at §§ 7384s, 7384*l*(1).  This means proof that the employee was potentially exposed to beryllium in the performance of duty at a covered facility.  *See id.* at § 7384*l*(7).  When documentation establishes employment at a DOE facility "during a period of time when beryllium dust, particles, or vapor may have been present," an employee's exposure to beryllium is presumed in the absence of substantial evidence to the contrary.  *See id.* at § 7384n.

---

[1] The DOL is the adjudicatory agency for claims under the Act.  *See Watson v. Solis*, 693 F.3d 620, 623 (6th Cir. 2012).  The DOL has delegated its responsibilities under the Act to the Office of Workers' Compensation Programs (OWCP).  20 C.F.R. § 30.1.  Therefore, "[a]n employee, or the employee's survivor, files a claim for EEOICPA benefits with the [OWCP]." *Gomez v. United States*, 459 F. App'x 701, 703 (10th Cir. 2012); *accord* 20 C.F.R. § 30.100(a). Once the OWCP district office renders a recommendation on a claimant's case, the claimant may file written objections with the Final Adjudication Branch (FAB) within the OWCP.  20 C.F.R. § 30.310.  For simplification, the agency rendering the decision before the court is referred to as the DOL throughout this opinion.  *Cf. Watson*, 693 F.3d at 623.

Once beryllium exposure is established, recovery under the Act then depends on when the person was alleged to have been diagnosed with CBD. *See id.* at § 7384*l*(13). Those who were allegedly diagnosed with CBD before January 1, 1993 must satisfy different criteria than those were allegedly diagnosed after that date. *See id.* It is undisputed that the pre-1993 criteria apply here. *See* Appellant Br. at 31. In order to meet the pre-1993 requirements, the claimant must show "occupational or environmental history, or epidemiologic evidence of beryllium exposure," and satisfy:

> any three of the following criteria [through medical evidence]: (I) Characteristic chest radiographic (or computed tomography (CT)) abnormalities. (II) Restrictive or obstructive lung physiology testing or diffusing lung capacity defect. (III) Lung pathology consistent with [CBD]. (IV) Clinical course consistent with a chronic respiratory disorder. (V) Immunologic tests showing beryllium sensitivity (skin patch test or beryllium blood test preferred).

*See* 42 U.S.C. § 7384*l*(13); 20 C.F.R. § 30.100(c)(2) (noting that, with the exception of a covered uranium employee, the claimant must submit medical evidence of the employee's covered illness).

## B. Freeman Seeks Compensation

Freeman's father, Ezra Freeman ("Ezra"), was an employee at Paducah Gaseous Diffusion Plant (the "Plant"). Ezra died in 1991. In 2003, Freeman filed a claim for compensation under Parts B and E of the EEOICPA. She asserted that her father developed lung cancer and emphysema as a result of hazardous exposure to "beryllium and/or welding fumes" at the Plant. This claim was denied in 2006.

In that same year, Freeman filed another claim for compensation under Part B only. She submitted additional medical evidence and alleged that her father had CBD. A District Medical Consultant reviewed the evidence submitted by Freeman and opined that the records showed a clinical course consistent with chronic respiratory disorder and a diffusion lung capacity defect.

However, the doctor opined that Ezra's medical records—although they showed findings consistent with CBD—did not support a diagnosis of CBD. Taking into account this medical opinion, the DOL applied the presumption of beryllium exposure, but found that only two of the five pre-1993 criteria were met: restrictive or obstructive lung physiology testing and a clinical course consistent with a chronic respiratory disorder. Because Freeman failed to show three of the five criteria, Freeman's claim was denied in 2007.

Thereafter, Freeman submitted additional medical evidence, and the DOL vacated its 2007 denial to determine whether this new evidence made a difference to Freeman's claim. The DOL then had a second District Medical Consultant review Freeman's claim. This medical doctor concluded that the records reflected a clinical course consistent with a chronic respiratory disorder and the pulmonary function tests showed an obstructive physiology and a diffusion capacity defect consistent with CBD, but that Ezra's x-rays and CT scans did not "show characteristic abnormalities of CBD," nor did his lung pathology reports show findings consistent with CBD, "even on an at least as likely as not basis." Based on this report, a Claims Examiner issued a recommended decision denying Freeman's claim.

Freeman objected to the recommendation and requested a hearing. After a hearing, the DOL denied Freeman's claim again in August 2009, the "Final Decision." Freeman then filed a request for reconsideration which was denied in October 2009. After an unsuccessful attempt at reopening her case, Freeman filed a second request to reopen based upon more evidence of beryllium exposure, but that request was denied in April 2014.

## C. Freeman Seeks Judicial Review

Thereafter, Freeman filed a complaint in federal district court, seeking review of the DOL's 2009 denial of her claim for compensation and review of the DOL's 2014 denial of her

second request to reopen. Freeman argued that Ezra qualified as a member of a "special exposure cohort" ("SEC") because he "worked for more than 250 days at the" Plant, "performed all of his work 'at a gaseous diffusion plant located in Paducah, Kentucky[,]'" and developed lung cancer, which ultimately led to his death. Freeman asserted that lung cancer is a specified cancer that qualifies a person for membership in the "special exposure cohort," and therefore she is entitled to survivor benefit compensation under the Act as his only surviving child. Freeman argued, in the alternative, that even if Ezra did not qualify as a member of the special exposure cohort, she is nonetheless entitled to benefits under the Act because Ezra had Chronic Beryllium Disease.

With respect to Freeman's CBD argument, the district court concluded that the DOL's decision was not arbitrary or capricious because two medical consultants concluded that Freeman failed to satisfy the criteria for showing a diagnosis of CBD. The court concluded that the DOL's decision was based on "consideration of the relevant factors" and there was no clear error of judgment.

The district court further concluded that Freeman's "special exposure cohort" argument was irrelevant. In so concluding, the district court reasoned that SEC status is relevant only for compensation for cancer, and the judicial review "encompasse[d] only Freeman's claim for CBD, not her prior claim for cancer." Lastly, the district court concluded that the DOL's denial of Freeman's motion to reopen was not subject to judicial review, but even if it was, the district court concluded that this claim failed on the merits. Freeman timely appealed to this court.

## II.    APPELLATE JURISDICTION

The district court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331 federal question jurisdiction because a federal question under the Administrative Procedure Act

("APA") was presented. *See Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494 (6th Cir. 2014). The district court's order resolving the question was a final order, so this court has jurisdiction to review it pursuant to 28 U.S.C. § 1291.

## III. STANDARD OF REVIEW

"When reviewing an administrative agency's final decision under the APA, this court reviews the district court's decision *de novo*." *Latin Ams. for Soc. & Econ. Dev. v. Adm'r of Fed. Highway Admin.*, 756 F.3d 447, 462 (6th Cir. 2014). In other words, "we do not defer to the district court's decision, but instead review the administrative decision as if we were the first reviewing court." *Meister v. U.S. Dep't of Agric.*, 623 F.3d 363, 370 (6th Cir. 2010). Our review of the agency's decision is governed by the APA. *See Ky. Waterways All. v. Johnson*, 540 F.3d 466, 473 (6th Cir. 2008). "The APA directs that when reviewing the decision of an administrative agency, a court shall 'hold unlawful and set aside the agency action' if the action is 'arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law.'" *Id.* (quoting 5 U.S.C. § 706(2)(A)). "A court reviewing an agency's adjudicative action should accept the agency's factual findings if those findings are supported by substantial evidence on the record as a whole." *Id.* (quoting *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992)). The court must also "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* (internal quotation marks and citation omitted).

"Review under the arbitrary and capricious standard is deferential[.]" *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007). This standard "is the least demanding review of an administrative action." *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 475 (6th Cir. 2004). However, the standard does not require that we

"merely . . . rubber stamp the [agency's] decision." *Ky. Waterways All.*, 540 F.3d at 474

(internal quotation mark omitted) (second alteration in original) (quoting *Jones v. Metro. Life*

*Ins. Co.*, 385 F.3d 654, 661 (6th Cir. 2004)). We will vacate the agency's decision if the agency:

> has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Nat'l Ass'n of Home Builders*, 551 U.S. at 658 (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc.*

*v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

## IV.   DISCUSSION

### A.  The Denial of Freeman's Claim

The crux of the DOL's decision was that Freeman failed to show that her father had been

diagnosed with CBD. On appeal, Freeman argues that the DOL admitted that Ezra's "medical

records showed findings consistent with" CBD, yet it arbitrarily denied Freeman's claim for

survivor benefits. *See* Appellant Br. at 36. She asserts that "interstitial fibrosis" is a diagnosis

that establishes CBD, and Ezra's medical records show that he was diagnosed with "interstitial

lung disease" with "basilar fibrosis," and with "interstitial infiltration." *See id.* Freeman's

argument is unavailing for a number of reasons.

First, Freeman relies too heavily on the DOL's conclusion that her father's medical

records "showed findings *consistent with* CBD." *See* 2009 Final Decision, R. 44, Page ID 463

(emphasis added). While the DOL noted that some findings in Ezra's records were consistent

with CBD, it also noted that two doctors on two separate occasions opined that—notwithstanding

some consistencies—the medical evidence "was insufficient to support a *diagnosis* of CBD[.]"

*Id.* at Page ID 465 (emphasis added).

Second, Freeman's argument regarding Ezra's diagnosis for interstitial lung disease is unpersuasive. The District Medical Consultant reviewed the medical records and concluded that although "[a] few readings of conventional chest radiographs refer to signs of fibrosis in several areas of the lung[,]" "[t]he reports of the chest CT scans" showed no interstitial fibrosis or other abnormalities characteristic of or consistent with CBD. Freeman essentially asks this court to re-interpret the medical evidence despite the medical consultant's opinion and the DOL's reliance on that opinion—something this court cannot do. *See McAlister v. Liberty Life Assur. Co. of Boston*, No. 15-5801, 2016 WL 2343030, at *8 (6th Cir. May 4, 2016) ("[W]e are not medical specialists and that judgment is not ours to make.") (quoting *Elliott v. Metro. Life Ins. Co.*, 473 F.3d 613, 622-23 (6th Cir. 2006)); *see also Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43 (noting that under arbitrary and capricious review, "a court is not to substitute its judgment for that of the agency"). Therefore, this argument is similarly unavailing.

Lastly, there is no indication that the agency relied on improper factors, entirely failed to consider an important aspect of Freeman's claim, offered an explanation for its decision that runs counter to the evidence before the agency, or that its decision was implausible. *See Nat'l Ass'n of Home Builders*, 551 U.S. at 658. Indeed, it appears the agency gave Freeman opportunity after opportunity to succeed on her claim—it vacated its first denial after receiving more evidence from Freeman, it held a hearing, had two independent doctors review Freeman's file on two separate occasions, and gave Freeman the benefit of the presumption of beryllium exposure. Ultimately, Freeman was unable to provide evidence showing three out of the five criteria required to establish CBD for diagnoses before January 1, 1993, foreclosing her claim.[2] Under

---

[2] We do not find persuasive Freeman's argument—made for the first time in her reply brief—that the DOL "improperly" relied on the opinions of the District Medical Consultants because the medical records clearly met the statutory criteria, and to the extent they were

these circumstances, we cannot conclude that the agency acted arbitrarily or capriciously in denying Freeman's claim. *See Watson v. Solis*, 693 F.3d 620, 626 (6th Cir. 2012) (where the claimant fails to provide evidence that is required under the Act, the DOL does not act arbitrarily or capriciously in denying benefits).[3]

## B. The Denial of Freeman's Motion to Reopen

The district court concluded that judicial review of a denial of a motion to reopen under the EEOICPA is precluded. Here, the DOL argues that the decision to deny a motion to reopen under Part B is not reviewable because 1) it is not a "final agency action" subject to review under the APA, and 2) it is a decision "committed to agency discretion by law," and thus is unreviewable pursuant to 5 U.S.C. § 701(a)(2). *See* Appellee Br. at 22-29. Neither this court nor any court of appeals has decided this precise judicial review question. However, we need not decide this question today.

---

unclear, the DOL should have sought clarification from the treating physician. This argument is waived. *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held . . . that arguments made to us for the first time in a reply brief are waived."). Even if we were to consider the argument, it would fail. Freeman's argument ignores the section of the procedure manual that provides, regarding referrals to medical consultants, that although "[claims examiners] should refer claims to a [medical consultant] for a medical review after all means of obtaining the evidence from the treating physician is exhausted," they "may also refer cases to a [medical consultant] when the medical reports and/or tests do not include a clear interpretation and/or *if there is a specific question(s) about the medical evidence*." EEOICPA Procedure Manual, ch. 2-1000.8 (emphasis added). Further, despite Freeman's insinuations, the DOL did not fail to send relevant medical records to Dr. Beckett—the first medical consultant to review Ezra's file. Rather, Dr. Beckett reviewed the file *before* Freeman submitted the additional medical records, and once they were submitted, the DOL reopened the claim and referred the new records to another medical consultant.

[3] Freeman's argument that she is entitled to benefits for her father's alleged CBD based on his alleged membership in the "special exposure cohort" is without merit. As the district court properly determined, this argument is irrelevant to the claim before the court, which encompasses the denial of benefits under Part B based on a diagnosis of CBD. By contrast, inclusion in the "special exposure cohort" entitles members who contracted specified cancers to compensation under Part B. *See* 42 U.S.C. §§ 7384*l*(9)(A), 7384*l*(14). The Final Decision of which Freeman seeks review denied her survivor claim under Part B "for the condition of [CBD]," not cancer.

As we have done under similar circumstances, "we assume without deciding, for purposes of argument, that the issue is reviewable[.]" *See Amezola-Garcia v. Lynch*, No. 15-3328, 2016 WL 1399347, *3 n.2 (6th Cir. April 11, 2016) (collecting cases). "Such an assumption does not run afoul of" the Supreme Court's "prohibition against 'hypothetical jurisdiction,'" because "arguments that a court may not review agency action that is 'committed to agency discretion by law' under 5 U.S.C. § 701(a)(2) do not go to the jurisdiction of the court." *Id.*; *see also Jama*, 760 F.3d at 494 n.4 (noting that the APA does not confer jurisdiction).

In support of her request to reopen, Freeman submitted additional evidence of her father's exposure to beryllium. But as stated above, additional evidence of his exposure to beryllium was of no consequence to Freeman's claim because the DOL had already presumed that her father had been exposed to beryllium. Accordingly, even assuming judicial review of the denial of her request to reopen is proper, Freeman still loses. *Cf. Vasha v. Gonzales*, 410 F.3d 863, 876 (6th Cir. 2005) (assuming without deciding that judicial review was proper, and concluding that the claimant was not entitled to have her claim reviewed by a three-member panel of the BIA because her claim nonetheless lacked merit).

## V.      CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.